```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

NILDA CARDONA,

        Plaintiff,

v.                                Case No: 2:13-cv-32-FtM-29DNF

COMMISSIONER OF SOCIAL SECURITY and SSA,

        Defendants.

_____

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #15), filed on February 11, 2014, recommending that the Decision of the Commissioner to deny social security benefits be affirmed. Plaintiff's Objection to the Report and Recommendation (Doc. #18) was filed on March 5, 2014, and the Commissioner's Response to Plaintiff's Objections (Doc. #19) was filed on March 10, 2014.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

**(1) Failure to Call Vocational Expert At Step 4**

Plaintiff asserts that the Administrative Law Judge (ALJ) erred in failing to obtain testimony from a vocational expert at step four of the evaluation process in order to determine whether plaintiff had the residual functional capacity (RFC) to perform past relevant work. Such expert testimony was needed, plaintiff argues, because the ALJ previously found that she had a "severe"

panic attack and had "moderate" limitations in concentration, persistence, and pace, and there was no explanation how someone with such impairments could perform her past relevant work. (Doc. #18, pp. 1-4.)

At Step 4 of the sequential evaluation process, a social security claimant bears the burden of establishing that her residual functional capacity (RFC) precludes her from returning to her past relevant type of work. Moore, 405 F.3d at 1213. It is only after a claimant establishes an inability to return to a past relevant work that and ALJ may have a duty to call a vocational expert (at Step 5). "The testimony of a vocational expert is only required to determine whether the claimant's residual functional capacity permits [her] to do other work after the claimant has met his initial burden of showing that he cannot do past work." Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987)(citing Chester v. Bowen, 792 F.2d 129, 131–32 (11th Cir. 1986)). See also Lamb v. Bowen, 847 F.2d 698, 704 (11th Cir. 1988). An ALJ's determination that a claimant has the RFC to perform some of her past relevant work is upheld if supported by substantial evidence. Moore, 405 F.3d at 1213.

In this case, the ALJ determined plaintiff's RFC (Tr. 17-22) after considering all her impairments. The ALJ then considered the functional demands of plaintiff's past work as a sales

associate/stocker based upon her own description of the work as she performed it.  (Tr. 22 and Exh. 4E.)  Both the RFC determination and the functional demands of the past work are supported by substantial evidence.  Additionally, plaintiff's reliance on Step 5 cases as to the need for vocational expert testimony is not controlling at Step 4 of the evaluation process.

Plaintiff argues, however, that the ALJ's finding of severe panic attacks and moderate limitations in concentration, persistence, and pace are inconsistent with a finding that she can perform past relevant work and require further explanation.  This argument is without merit.

> Jackson also contends that it is inconsistent for the ALJ to find that he suffers from an impairment which significantly limits his ability to perform some basic work activities and also to find that he can perform his past relevant work.  This argument is meritless. See Sewell v. Bowen, 792 F.2d at 1068 n.3.  A finding of a severe impairment is a prerequisite to a finding of disability.  However, a severe impairment is not sufficient for a finding of disability.  The impairment must be equal to or worse than one of the impairments listed in Appendix 1.  Alternatively, the impairment must preclude the claimant from performing his past relevant work or any other work available in the national economy.  The ALJ found that Jackson's past relevant work did not require the types of activities which Jackson found it difficult to perform.  Thus, it was not inconsistent for the ALJ to find that Jackson had significant impairment and also to find that he could perform his past relevant type of work.

Jackson v. Bowen, 801 F.2d 1291, 1294 (11th Cir. 1986).  So too in this case, the ALJ's findings at Step 4 are not inconsistent with is prior limitations findings.

**(2) RFC Opinion of Treating Physician**

Plaintiff asserts that the ALJ improperly gave little weight to the RFC opinion of Dr. Brian Martin, one of her treating physicians.  (Doc. #18, pp. 5-7.)  Dr. Martin completed a checkmark form, Exhibit 10F, approximately two and one-half years after the expiration of plaintiff's insured status, and his opinion was given "little weight" by the ALJ.  (Tr. 22.)  The ALJ articulates sufficient reasons, which were supported by substantial evidence, for discounting Dr. Martin's opinion.  (Id.)

**(3) "Advanced Age" Consideration At Step 5**

Having found the ALJ properly resolved the claim at Step 4 of the evaluation process, the Court agrees with the magistrate judge that there is no need to proceed to this Step 5 issue.

After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #15) is **accepted and adopted** by the Court.

2.  Plaintiff's Objection (Doc. #18) is **overruled.**

    3.    The Decision of the Commissioner of Social Security is **affirmed**.

    4.    The Clerk of the Court shall enter judgment accordingly and close the file.

    **DONE and ORDERED** at Fort Myers, Florida, this   13th   day of March, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record